**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Benson Hill, Inc., *et al.*, | Case No. 25-10539 (TMH) |
| Debtors. [1] | (Jointly Administered) |

**SCHEDULES OF ASSETS AND LIABILITIES FOR
<u>BENSON HILL FRESH, LLC (CASE NO. 25-10546)</u>**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benson Hill Fresh, LLC (0614); Benson Hill Holdings, Inc. (3749); Benson Hill, Inc. (4823); Benson Hill Seeds Holding, Inc. (0288); Benson Hill Seeds, Inc. (4599); BHB Holdings, LLC (5101); Benson Hill ND OldCo, Inc. (0722); DDB Holdings, Inc. (6117); and J&J Southern Farms, Inc. (0735). The mailing address for each of the Debtors is 1200 Research Blvd, St. Louis, Missouri 63132.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Benson Hill, Inc., *et al.*, | Case No. 25-10539 (TMH) |
| Debtors[1]. | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, DISCLAIMER, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") with the assistance of the management of the Debtors, including the Controller (defined herein), and the Debtors' advisors, are filing their respective Schedules of Assets and Liabilities (the "**Schedules**") and the Statements of Financial Affairs (the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Schedules and Statements have been prepared in accordance with section 521 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (as amended, the "**Bankruptcy Rules**").

These *Global Notes and Statement of Limitations, Methodology, Disclaimer, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements. Although management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist. Because, among other things, the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their Chapter 11 Cases (defined herein), including, without limitation, any issues involving equitable

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Benson Hill Fresh, LLC (0614); Benson Hill Holdings, Inc. (3749); Benson Hill, Inc. (4823); Benson Hill Seeds Holding, Inc. (0288); Benson Hill Seeds, Inc. (4599); BHB Holdings, LLC (5101); Benson Hill ND OldCo, Inc. (0722); DDB Holdings, Inc. (6117); and J&J Southern Farms, Inc. (0735).  The mailing address for each of the Debtors is 1200 Research Blvd, St. Louis, Missouri 63132.

subordination, offsets, defenses, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

1.  <u>Description of the Chapter 11 Cases</u>. On March 20, 2025 (the "**Petition Date**"), each of the above-referenced Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") in the Bankruptcy Court . The Chapter 11 Cases are being jointly-administered for procedural purposes only under lead Case No. 25-10539. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2.  <u>Reservation of Rights</u>. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to: (a) amend and/or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim description, designation, or Debtor against which the claim is asserted; (b) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority, or avoidability of any claim (regardless of whether such claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated"). Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtors. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' Chapter 11 Cases, including, without limitation, issues involving claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements. A listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statement 3) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

3.  <u>Summary of Reporting Policies</u>. Mallar Mukherjee, as the Controller (the "<u>Controller</u>") of each of the Debtors, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Mukherjee necessarily relied upon the efforts, statements, and representations of other of the Debtors' personnel and professionals. Mr. Mukherjee has not

(and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses. Accordingly, the Debtors reserve the right, as expressly provided for by Bankruptcy Rule 1009(a), to amend each of the Schedules and Statements from time to time as may be necessary or appropriate. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents, and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto. In addition, the following conventions were adopted by the Debtors in preparation of the Schedules and Statements:

a.  Basis of Presentation. The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor. In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. For financial reporting purposes, the Debtors historically prepared consolidated financial statements, which were audited annually through the fiscal year ending December 31st, 2023. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results may differ from such estimates.

b.  Reporting Date. Each Debtor's fiscal year ends on December 31st. All asset information contained in the Schedules and Statements, except where otherwise noted, is as of February 28th, 2025. The liability information, except where otherwise noted, is as of February 28th, 2025.

c.  Undetermined Amounts. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

d.  Book Value. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their

assets. Accordingly, unless otherwise indicated, the value of assets listed in the Schedules and Statements reflect the net book values as of February 28th, 2025, except where otherwise noted. Accordingly, amounts ultimately realized may vary from net book value and such variance may be material.

e.    <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all the known amounts included on the Schedules and Statements.

f.    <u>Intercompany Claims and Transfers</u>. Intercompany balances have been excluded from the schedules and statements unless otherwise indicated. Determining these balances on a Debtor by Debtor level would be unduly burdensome and an inefficient use of estate assets. The Company does not maintain separate accounting for intercompany balances between Debtor entities.

g.    <u>Contingent Assets</u>. The Debtors may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, counter claims, causes of action or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions or causes of action or in any way prejudice or impair the assertion of such claims.

h.    <u>Claims</u>. The Debtors' Schedules identify creditors and set forth the Debtors' estimates of the claims of creditors as of the Petition Date. Such Schedules may not have captured all claims. Claim amounts will be amended as appropriate for any such items subsequently identified.

i.    <u>Disputed, Contingent and/or Unliquidated Claims</u>. Schedules D, E and F permit the Debtors to designate a claim as disputed, contingent and/or unliquidated. Listing a claim (i) on Schedule D as "secured," (ii) on Schedule E/F as "priority" or "unsecured nonpriority," or listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's right to recharacterize or reclassify such claim or contract. In particular, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim. Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

j.    <u>Litigation</u>. Certain litigation actions (the "<u>Litigation Actions</u>") reflected as claims against a particular Debtor may relate to one or more of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action. The inclusion of any Litigation Action in these Schedules and Statements does not constitute an

admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount, priority and/or treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

k.    Intellectual Property Rights. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

l.    Insiders. The Debtors have attempted to include all payments made on or within 12 months before the Petition Date, to any individual or entity deemed an "insider." As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity (i) is among the categories set forth in the definition of "insider" in section 101(31) of the Bankruptcy Code, or (ii) based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to unilaterally dictate corporate policy and the disposition of corporate assets.  Certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the 12-month period before the Petition Date, but the Debtors have included them herein out of an abundance of caution.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for the purposes of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity could successfully argue that it is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose.  Furthermore, the listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims and defenses are hereby expressly reserved.

m.    Confidential or Sensitive Information.   There may be instances in which certain information in the Schedules and Statements has intentionally been redacted due to the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual.  The alterations will be limited to only what is necessary to

protect the applicable third party and authorized by this Court pursuant to the related order entered on March 21, 2025 [D.I. 35].  All such redacted information shall be made available as directed by orders of the Court or to the individual customer or creditor scheduled, as applicable.

n.    Currency.  Unless otherwise indicated, all amounts are reflected in U.S. Dollars.

o.    Excluded Assets and Liabilities. The Debtors have excluded certain categories of assets and liabilities recorded only for purposes of complying with the requirements of GAAP, from the Schedules and Statements, including, without limitation, certain lease liabilities (e.g., with respect to any damages relating to lease rejection). In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other orders that may be entered by the Court. Additionally, certain immaterial or de minimis assets and liabilities may have been excluded.

p.    Setoffs. The Debtors may incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers and/or suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules. The Debtors reserve the right to challenge any setoff and/or recoupment rights that may be asserted.

q.    Credits and Adjustments. The Claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a post-petition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a post-petition basis.

r.    Paid Claims. Pursuant to certain orders of the Court entered in the Debtors' Chapter 11 Cases shortly after the Petition Date (collectively, the "First Day Orders") as well as other orders of the Court, the Debtors have the authority to pay certain outstanding prepetition payables; as such, outstanding liabilities may have been reduced by any Court-approved post-petition payments made on prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent the Debtors later pay any amount of

the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest such payment.

s.   <u>Global Notes Control</u>. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**<u>Specific Disclosures with Respect to the Debtors' Schedules</u>**

**<u>General:</u>** The legal entity Benson Hill ND OldCo, Inc. was formerly known as Dakota Dry Bean Inc..

**<u>Schedule A/B</u>**. All values set forth in Schedule A/B reflect the net book value of the Debtors' assets as of the close of business on February 28th, 2025 as applicable, unless otherwise noted below.

**<u>Schedule A/B 2</u>**. Petty cash balance reflects amount in PayPal account as of February 28th, 2025, collected by Benson Hill Holdings, Inc. and is related to the ordinary course sale of miscellaneous *de minimis* office furniture and equipment.

**<u>Schedule A/B 3</u>**. For Benson Hill Holdings, Inc. and Benson Hill Seeds, Inc., cash values held in bank accounts are listed on Schedule A/B 3 as of the close of business on March 20th, 2025, as applicable. These balances reflect bank balances based on the Debtors' bank statements. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Granting Authority to (A) Continue Using the Cash Management System, Business Forms, Books and Records, and Pay All Fees Related Thereto, (B) Implement Ordinary Course Changes to Cash Management System, Including Opening and Closing Accounts, (II) Granting Authority to Continue Intercompany Transactions and Granting Administrative Expense Status to Postpetition Intercompany Transactions, and (III) Granting Related Relief [D.I. 6]*

For Benson Hill Holdings, Inc. the balance for account ending in 0000 was calculated by prorating the total interest received for the month of March for the prepetition period. The balance in this account reflects contingent holdback receivable from the proceeds of the sale of Fresh business, which is being held in escrow due to ongoing litigation and is subject to the contingencies surrounding the potential use and receipt of funds.

**<u>Schedule A/B 7. For Benson Hill, Inc., security deposits for 1001 N Warson Rd [D.I. 134] and 1500 Corporate Ctr. Way [D.I. 144] are rejected leases.</u>**

**<u>Schedule A/B 8</u>**. Retainer amounts shown for Stretto and Faegre Drinker are as of 3/20/2025 and have been netted against any fees and expenses owed to each respective firm as of the petition date.

**<u>Schedule A/B 11.</u>** For Benson Hill Holdings, Inc., and Benson Hill Seeds, Inc., accounts receivable balances exclude intercompany receivables and reflect estimated balances as of March 31, 2025 based on the accounts receivable aging schedules.

**Schedule A/B 40**. For Benson Hill, Inc. and Benson Hill Seeds, Inc. please see Schedule A/B 39.

**Schedule A/B 55.** The Court has entered orders authorizing Benson Hill, Inc. to reject the leases with respect to the properties located at 1001 N Warson Rd [D.I. 134] and 1500 Corporate Ctr. Way [D.I. 144].

**Schedule A/B 71**.  Benson Hill ND HoldCo, Inc. has a $2.5M contingent holdback receivable recorded from the proceeds of the sale of the DDB business in February of 2025. These holdbacks are scheduled with an 'undetermined' value due to the contingencies surrounding the potential use and receipt of funds. .

**Schedule A/B 72**. Benson Hill Inc. files consolidated tax returns for all its subsidiaries. Net operating losses for Benson Hill, Inc. are from the 2023 tax year.

**Schedule D**. Balances shown on Schedule D reflect balances as of April 2nd, 2025. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.


**Schedule E/F part 1**. The Debtors did not schedule any priority claims associated with salaries and benefits for employees as the Court entered the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Obligations and (B) Maintain and Continue Employee Benefit Programs and Pay Administrative Obligations Related Thereto; (II) Modifying the Automatic Stay with Respect to the Workers' Compensation Program; (III) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto; and (IV) Granting Related Relief* [D.I. 9] (the "Final Wages Order") granting authority to the Debtors to pay pre-petition wages and benefits in the ordinary course.

Only employee claims against the Debtors for items not authorized to be paid by the Final Wages Order (such as unpaid severance or incentive plan payments) have been included in the Schedules and Statements. The Debtors have scheduled portions of these claims as priority claims in accordance with the priority scheme set forth in the Bankruptcy Code, *provided however* that, any amounts owed to employees related to the prepetition priority period set forth in sections 507(a)(4) and (5) of the Bankruptcy Code but in excess of the statutory caps set forth therein are included on Schedule E/F Part 2 along with any claims of such employees that are not entitled to priority under the Bankruptcy Code.

**Schedule E/F part 2**. The Debtors have used reasonable efforts to report all general unsecured claims against the Debtors on Schedule E/F part 2, based upon the Debtors' books and records as of the Petition Date which includes unpaid invoices received and recorded on the Debtors' books as of March 20th, 2025. Determining the date upon which each claim on Schedule E/F part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for every claim listed on Schedule E/F part 2. Furthermore, claims listed on Schedule E/F part 2 may have been aggregated by unique creditor name in certain instances and remit to address and may include several dates of incurrence for the aggregate balance listed. The amount reported for Growers Edge reflects short-term financing on Debtors' books as of March 20th, 2025. The reported balance will be adjusted as underlying obligations are satisfied after the Petition Date.

Schedule E/F part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F part 2

does not include all potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' best reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease in effect on the Petition Date or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. Certain confidentiality and non-disclosure agreements may not be listed on Schedule G due to confidentiality restrictions and/or their commercially sensitive nature. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including but not limited to amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider or amounts recorded in different financial systems used by the Debtor at its various operating locations. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, non-disturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such agreements may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G.

**Specific Disclosures with Respect to the Debtors' Statements**

**Gross Revenues (Statements, Part 1, Question 1)**. Gross revenues include estimates based on historical data available to the Debtors at the time of filing. The figures presented for the 2025 calendar year represent revenue recognized by the Company from January 2025 to end of February 2025. Revenue associated with Benson Hill Ingredients LLC has been excluded from this report as the entity was sold and wound down.

**Gross Revenues (Statements, Part 1, Question 2)**. Non-business revenues include negative values related to the loss on sale of assets and other miscellaneous activities. Revenue associated with Benson Hill Ingredients LLC has been excluded from this report as the entity was sold and wound down.

**Payments to Creditors within 90 Days (Statement Part 2, Question 3)**. Statement Part 2, question 3 includes any disbursement or other transfer (excluding interbank transfers between debtors' bank accounts) made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement question 4) and employees.

**Payments or other transfers of property made within 1 year before filing this case that benefited any insider (Statement Part 2, Question 4)**. Benson Hill, Inc. has included all payroll distributions and, benefits, bonuses and expense reimbursements, made over the twelve months preceding the Petition Date to any individual that may be deemed an "Insider" as set forth in section 101(31) of the Bankruptcy Code. Certain insiders, such as board members, are employed by non-Debtor entities, but paid by Debtor entities. Some of the insiders began as contracted employees before becoming an insider. The payments made to these insiders before the start dates outlined in SOFAs 28 & 29 are listed under SOFA 3.

**Legal Actions or Assignments (Statement Part 3, Question 7)**. Information provided in Statement Part 3, question 7 may not include every administrative agency proceeding open or closed during the relevant time period, as certain agency proceedings are quickly dismissed or settled for a nominal sum. Additionally, any information contained in Statement Part 3, question 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Payments related to bankruptcy (Statement Part 6. Question 11)**. All disbursements listed in Question 11 were initiated and disbursed by Benson Hill, Inc., but were for the benefit of all Debtors. All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on that Debtor's response to SOFA Part 6, Question 11. Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders. In addition, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of post-petition lenders or other parties on account of any applicable fee arrangements.

**Transfer not already listed (Statement Part 6. Question 13)**. In February and March of 2025, the company had a sale of office furniture and IT equipment from a former facility to employees and non-employees. These addresses are unavailable.

**Financial Institutions (Statement Part 13, Question 26(d))**. The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors may not have disclosed all parties that may have received such financial statements for the purposes of Statement Part 13, question 26(d).

**Payments to insiders (Statement Part 13, Question 30)**. Any and all known disbursements to insiders of the Debtors have been listed in response to Statements, Part 2, Question 4.

**Consolidated Tax Group (Statement Part 13, Question 31)**. The Debtors file tax returns as a consolidated group that includes all subsidiaries at the Benson Hill, Inc. Certain tax obligations, refunds and net operating losses may therefore not be listed for an individual Debtor. Nothing in the Statements or Schedules is an admission that a particular Debtor is liable with respect to any particular tax liability. The failure to include a tax refund, or net operating loss, or to list the value of such net operating loss on an individual Debtor level is not an admission that such Debtor does not have a net operating loss, and the Debtors reserve all rights to assert net operating losses.

* * * * *END OF GLOBAL NOTES* * * * *

*SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE*

**Fill in this information to identify the case:**

Debtor name: Benson Hill Fresh, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10546

☐ **Check if this is an amended filing**

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:**<br>Copy line 88 from Schedule A/B | $0.00 |
| 1b. **Total personal property:**<br>Copy line 91A from Schedule A/B | $944,108.76 |
| 1c. **Total of all property:**<br>Copy line 92 from Schedule A/B | $944,108.76 |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D — $0.00

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | |
|---|---|
| 3a. **Total claim amounts of priority unsecured claims:**<br>Copy the total claims from Part 1 from line 5a of Schedule E/F | $0.00 |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:**<br>Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | $0.00 |

**4. Total Liabilities**
Lines 2 + 3a + 3b — $0.00

**Fill in this information to identify the case:**

Debtor name: Benson Hill Fresh, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10546

☐ **Check if this is an amended filing**

## Official Form 206A/B
## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**2. Cash on hand**

| 2.1 | | |
|---|---|---|
| | | $0.00 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1 US Bank | Escrow (J&J - IMG Fresh - Stock) | 0000 | $907,851.72 |

**4. Other cash equivalents** *(Identify all)*

| 4.1 | | |
|---|---|---|
| | | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| | $907,851.72 |
|---|---|

### Part 2:    Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

**7. Deposits, including security deposits and utility deposits**

| | Current value of debtor's interest |
|---|---|
| Description, including name of holder of deposit | |

| | | |
|---|---|---|
| 7.1 | Security Deposit - Brokerage Corp. Surety Bond (Guarantees payments to Truckers; required) | $25,000.00 |
| 7.2 | Security Deposit - Florida Power & Light, for Stoneridge Apts GA bldgs 602/604/604 N F K | $2,895.00 |
| 7.3 | Security Deposit - Florida Power & Light, for Stoneridge Apts GA bldg 606 C,E,K,M,S,U | $5,670.00 |
| 7.4 | Security Deposit - Florida Power & Light (FPL# ending 4543) | $1,887.00 |
| 7.5 | Security Deposit - Florida Power & Light (FPL# ending 4545) | $334.04 |
| 7.6 | Security Deposit - Florida Power & Light (FPL# ending 6106) | $250.00 |
| 7.7 | Security Deposit - FPL Hendrix, for Woodwn Contract | $221.00 |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | None | $0.00 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

| | |
|---|---|
| | $36,257.04 |

---

**Part 3:    Accounts receivable**

---

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| | | | | | |
|---|---|---|---|---|---|
| 11a. | 90 days old or less: | _____ – _____ | = ........ ➔ | $0.00 |
| | | face amount    doubtful or uncollectible accounts | | |
| 11b. | Over 90 days old: | _____ – _____ | = ........ ➔ | $0.00 |
| | | face amount    doubtful or uncollectible accounts | | |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| | |
|---|---|
| | $0.00 |

| Part 4: | Investments |
|---|---|

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **14. Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | | |
| 14.1 | None | | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| 15.1 | J&J Southern Farms, Inc. | 100% | None | Undetermined |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

| Describe: | | | |
|---|---|---|---|
| 16.1 | None | | $0.00 |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| | $0.00 |
|---|---|

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 _____ | _____ | _____ | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 _____ | _____ | _____ | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 _____ | _____ | _____ | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 _____ | _____ | _____ | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 _____ | _____ | _____ | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes

    Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:**  **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 _____ | _____ | _____ | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 _____ | _____ | _____ | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 _____ | _____ | _____ | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | _____ | _____ | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

$0.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 8:** Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | $0.00 |
| **49. Aircraft and accessories** | | | |
| 49.1 | | | $0.00 |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 | | | $0.00 |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 9:** Real Property

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | | | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:  Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| | $0.00 |
|---|---|

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:   All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| | | | | | **Current value of debtor's interest** |
|---|---|---|---|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1 _____    _____    -    _____    =  ➜    $0.00
                                        total face amount                    doubtful or uncollectible
                                                                             amount

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1 _____    Tax year _____    $0.00

**73. Interests in insurance policies or annuities**

73.1 _____    $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 _____    $0.00

Nature of Claim    _____

Amount requested    _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 _____    $0.00

Nature of Claim    _____

Amount requested    _____

**76. Trusts, equitable or future interests in property**

76.1 _____    $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1 _____    $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.    

$0.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 12:** **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $907,851.72 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $36,257.04 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $0.00 | |
| **83. Investments.** Copy line 17, Part 4. | $0.00 | |
| **84. Inventory.** Copy line 23, Part 5. | $0.00 | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $0.00 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $0.00 | |
| **88. Real property.** Copy line 56, Part 9. | → | $0.00 |
| **89. Intangibles and intellectual property..** Copy line 66, Part 10. | $0.00 | |
| **90. All other assets.** Copy line 78, Part 11. | $0.00 | |
| **91. Total. Add lines 80 through 90 for each column** 91a. | $944,108.76 | 91b. $0.00 |
| **92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92. | | $944,108.76 |

**Fill in this information to identify the case:**

Debtor name: Benson Hill Fresh, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10546

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:    List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

2.1

**Describe debtor's property that is subject to the lien:**                                     $0.00

_____

**Date debt was incurred?**

_____

**Last 4 digits of account number**

**Describe the lien**

_____

**Do multiple creditors have an interest in the same property?**

☐ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

_____

**Is the creditor an insider or related party?**

☐ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                                     $0.00

**Part 2:**  **List Others to Be Notified for a Debt That You Already Listed**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

**Fill in this information to identify the case:**

Debtor name: Benson Hill Fresh, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10546

☐ **Check if this is an amended filing**

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|

2.1

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (__)

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

Total claim: _____

Priority amount: $0.00

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|

3.1

_____

**Date or dates debt was incurred**

_____

_____

**As of the petition filing date, the claim is:**    $0.00

*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 3:    List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line _____ | _____ |
| _____ | ☐ Not listed. Explain _____ | |

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $0.00 |
| 5c. **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. | $0.00 |

**Fill in this information to identify the case:**

Debtor name: Benson Hill Fresh, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10546

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1 **State what the contract or lease is for and the nature of the debtor's interest**

**State the term remaining**

**List the contract number of any government contract**

**Fill in this information to identify the case:**

Debtor name: Benson Hill Fresh, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10546

☐ **Check if this is an amended filing**

Official Form 206H

## Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Does the debtor have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 | | | ☐ D |
| | | | ☐ E/F |
| | | | ☐ G |

**Fill in this information to identify the case:**

Debtor name: Benson Hill Fresh, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10546

☐ **Check if this is an amended filing**

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 05/05/2025 | /s/ Mallar Mukherjee |
| Executed on | Signature of individual signing on behalf of debtor |
| | Mallar Mukherjee |
| | Printed name |
| | VP Accounting, Corporate Controller |
| | Position or relationship to debtor |